1    **WO**

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8    Andre Almond Dennison,                    )    No.  CV-18-04539-PHX-SPL
                                                )
9                          Plaintiff,           )
                                                )    **ORDER**
10   vs.                                        )
                                                )
11                                              )
     Charles L Ryan, et al.,                    )
12                                              )
                           Defendants.          )
13                                              )
                                                )
14   _____       )

15         Before the Court is Plaintiff Andre Almond Dennison's ("Plaintiff") Motion to

16   Subpoena (Doc. 213) in which Plaintiff requests that this Court authorize the issuance of

17   subpoenas for eighteen separate individuals whom Plaintiff intends to call as witnesses at

18   trial. On July 5, 2022, Defendant Masterson ("Defendant") filed a Response (Doc. 209) in

19   which Defendant opposes Plaintiff's request and asks the Court to deny his Motion.[1]

20   Having reviewed the parties' arguments, the Court enters this Order granting Plaintiff's

21   Motion in part, for the following reasons.

22         As an initial matter, Plaintiff's list of eighteen proposed witnesses includes

23   _____

24         [1] Plaintiff's Motion to Subpoena was lodged on June 20, 2022, along with his
     Motion for Extension in which Plaintiff requested that the Court deem the lodged Motion
25   to Subpoena as timely filed. On July 5, 2022, Defendant responded to Plaintiff's lodged
     Motion *before* this Court granted Plaintiff's Motion for Extension and ordered the Clerk of
26   Court to file the lodged Motion to Subpoena on the docket. This explains the out-of-order
     docket numbers for Plaintiff's Motion to Subpoena (Doc. 213) and Defendant's Response
27   (Doc. 209), which would otherwise appear to indicate that the Response was filed prior to
28   the Motion.

individuals who were not timely or properly disclosed to Defendant. Such individuals are therefore precluded from serving as witnesses at trial and cannot be subpoenaed by Plaintiff. Rule 26(a)(3)(A) of the Federal Rules of Civil Procedure requires parties to disclose any witness they intend to present at trial. Failure to abide by this disclosure obligation results in exclusion of the witness from trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Thus, Rule 37 "forbids the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). "The burden is on the party that fails to comply with Rule 26(a) to demonstrate substantial justification or lack of harm." *Torres-Martinez v. United States*, No. CV-11-519-TUC-DCB, 2014 WL 12694064, at *2 (D. Ariz. Jan. 13, 2014) (citations omitted). "When a party does not provide a sufficient explanation for its late disclosure, preclusion of the witness . . . is appropriate." *Id.* (citations omitted).

Generally, any witness disclosure that occurs *after* the discovery deadline is untimely and improper, and exclusion is in order. The Ninth Circuit has explained the reasoning for this:

> The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush. After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved. The late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket.

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014); *see also*

*Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming lower court's decision to exclude witness because plaintiff failed to justify disregard for court's discovery deadline); *Torres-Martinez*, 2014 WL 12694064, at *2 (citations omitted) ("Late identification of a witness . . . is not harmless, even if the trial date is still several months away. . . . Because a party may reasonably rely on the opposing party's disclosure in preparing for trial, disclosure of a witness . . . after the discovery deadline can constitute 'obvious prejudice' requiring preclusion of the witness . . . at trial.").

Here, the parties had a discovery deadline of October 31, 2019. (Doc. 17 at 2). Eleven of the eighteen witnesses at issue on this Motion were timely disclosed in Plaintiff's Initial Disclosure on July 24, 2019.[2] (Doc. 213-1 at 78–83). Of the remaining seven witnesses, Plaintiff asserts that he disclosed six of them (Leslie Doi, Ruth Tenrriero, Danial Lundberg, David Madsen, Carol Daniels, and C.O. II Chamberlain) in his "Supplemental Disclosure" on September 13, 2021. (Doc. 213 at 2). Plaintiff asserts that he disclosed the remaining witness (Brandon Rodarte) in his "Second Supplemental Disclosure" on September 24, 2021. (*Id.*). Plaintiff's supplemental disclosures of these seven witnesses took place nearly two years *after* the discovery deadline passed. Therefore, the Court finds that Plaintiff's disclosure of these seven witnesses was untimely and improper, and they must be excluded unless Plaintiff has met his burden of showing substantial justification or lack of harm. Plaintiff makes no such argument and fails to meet his burden. Thus, the Court will not issue subpoenas for the seven witnesses who were not timely disclosed during the discovery period: Leslie Doi, Ruth Tenrriero, Brandon Rodarte, Danial Lundberg, David Madsen, Carol Daniels, and C.O. II Chamberlain.[3]

---

[2] The eleven witnesses who were disclosed in Plaintiff's Initial Disclosure are: Francisco Lopez, Defendant Todd Masterson, Shawn Steber, Raymond Mangan, Cathryn Squires, Christopher Kriebel, Daniel Root, Joseph Sutton, Donald Darras, Douglas Wood, and Holly Lee. (Doc. 213-1 at 79–80).

[3] The Court has repeatedly advised Plaintiff that no individual will be permitted to testify as a witness if he or she was not timely disclosed. (*See, e.g.*, Doc. 164 at 3 ("Plaintiff is advised that [any motion to subpoena] . . . shall not identify any individuals who were

The Court may issue subpoenas as to the remaining eleven witnesses *only if* Plaintiff sufficiently complied with General Order 18-19 in making his subpoena request. "General Order 18-19 sets forth the procedural requirements for pro se litigants who wish to serve subpoenas." *Patton v. Ash*, No. CV-19-00209-TUC-RM, 2020 WL 8834782, at *1 (D. Ariz. June 30, 2020). Under General Order 18-19, pro se litigants are required to file a motion that (1) is in writing, (2) attaches a copy of the proposed subpoena, (3) sets forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) states with particularity the reasons for seeking the testimony and documents. *See* General Order 18-19 of the United States District Court for the District of Arizona. The General Order provides that "[t]he assigned judge shall determine whether the requested subpoena shall issue." *Id.* "Requests for subpoenas that do not comply with these requirements will be denied." *Patton*, 2020 WL 8834782, at *1 (citing *Withers v. Beecken Petty O'Keefe & Co.*, No. CV-17-03391-PHX-DWL (JZB), 2019 WL 1153440, at *2 (D. Ariz. Mar. 13, 2019)).

Turning to the present case, the Court first notes that it construes Plaintiff's Motion as simply requesting the issuance of subpoenas. Thus, the only issue on this Motion is whether Plaintiff has met the *procedural* requirements provided by General Order 18-19. The Court does not address the evidentiary admissibility of any of the witnesses at issue. To the extent Defendant objects to the admissibility of Plaintiff's proposed witnesses on another ground, such as relevancy or some other evidentiary objection, this Motion does not present the proper avenue for such argument. *See Melendez v. Ansari*, No. CV-19-8293-PCT-JJT (DMF) (D. Ariz. Sept. 1, 2020), ECF No. 24 at 1 ("Federal Rule of Civil Procedure 45(a)(3) states that '[t]he Clerk must issue a subpoena . . . to a party who requests it.' Whether or not the requested items are relevant is germane to whether the subpoena should be quashed, not whether it should be issued. The Court will therefore grant

---

not timely disclosed as witnesses to Defendant."); Doc. 178 at 2 ("Plaintiff is again advised that any witness who he plans to call at trial must have been timely disclosed to Defendant.")).

Plaintiff's request but expresses no opinion about whether the subpoenas would be subject to motions to quash."); *see also* Gen. Order 18-19 ("Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena.").

The Court finds that Plaintiff's Motion and attached subpoenas meet the first three requirements of General Order 18-19. The Motion is in writing and sets forth the names of and addresses for each of the eleven timely disclosed witnesses. (Doc. 213-1 at 73–76). Plaintiff also attaches copies of the proposed subpoenas for each witness. (*Id.* at 1–72). Thus, the only question is whether Plaintiff has stated with particularity—for *each* of the eleven timely disclosed witnesses—the reasons for seeking their testimony. The Court will now address the sufficiency of Plaintiff's descriptions for each of the eleven witnesses.

**(i)      Francisco Lopez, Todd Masterson, Shawn Steber, and Christopher Kriebel**

For Lopez, Masterson, and Steber, Plaintiff provides the following reason for seeking their testimony:

> [Lopez, Masterson, and Steber] will testify consistent with [their] knowledge and information of the events in Plaintiff's Complaint regarding the sexual assault of [Plaintiff], and any other relevant information [they] may have, including the interaction between [Plaintiff, Lopez, Masterson, Steber, and Kriebel].

(Doc. 213 at 3). Plaintiff provides a similar, but slightly different, explanation concerning his need for Kriebel's testimony:

> [Kriebel] will testify to his knowledge and information of the events in Plaintiff's Complaint, and any other relevant information he may have, including the photos he took of [Plaintiff] on June 12, 2016 and the interactions between [Plaintiff], Masterson, Steber, Lopez, and himself.

(*Id.* at 4). While these descriptions may be somewhat light on detail, it is undisputed that the events underlying this case concern the June 12, 2016 incident in which Lopez, Masterson, Steber, and Kriebel were each specifically present and involved. Plaintiff specifically notes this involvement in the above descriptions. It stands to reason that their

testimony is necessary at trial. Moreover, Defendant has previously stated that he "has no objection to the Court issuing subpoenas for [Lopez, Masterson, Steber, and Kriebel], who were all on site at the time of the subject incident and either aware of or involved in the subject search." (Doc. 162 at 2). Defendant appears to maintain this concession in his Response to the present Motion, as he specifically left *out* Lopez, Masterson, Steber, and Kriebel from his list of witnesses for whom Defendant objects to the issuance of subpoenas. (*See* Doc. 209 at 9). Therefore, the Court will issue subpoenas as to Francisco Lopez, Todd Masterson, Shawn Steber, and Christopher Kriebel.

**(ii)   Raymond Mangan**

Plaintiff asserts that Mangan's testimony is needed because he will testify as to Plaintiff's "compliance with Five Year Photos on June 12, 2016 and [Plaintiff]'s interactions with Kriebel." (Doc. 213 at 3). In his Response, Defendant does not make any argument that this description fails to sufficiently state with particularity the reason for Mangan's testimony.

The Court finds that Plaintiff's description of Mangan's testimony sufficiently meets the particularity requirement of General Order 18-19 because he states specific issues that Mangan will testify to and that are related to the factual issues in this case. The Court will issue a subpoena as to Raymond Mangan.

**(iii)   Cathryn Squires**

Plaintiff asserts that Squires' testimony is needed because she will testify as to "her findings in her administrative investigation into [the] June 12, 2016 events, [Plaintiff]'s Five Year Photo compliance, and [the] deleted Five Year Photos of [Plaintiff]." (Doc. 213 at 4). In his Response, Defendant does not make any argument that this description fails to sufficiently state with particularity the reason for Squires' testimony.

The Court finds that Plaintiff's description of Squires' testimony sufficiently meets the particularity requirement of General Order 18-19 because he states specific issues that Squires will testify to and that are related to the factual issues in this case. The Court will issue a subpoena as to Cathryn Squires.

1    **(iv)    Daniel Root**

2        Plaintiff asserts that Root's testimony is needed because he will testify as to "his

3    role in conducting the criminal investigation, interviews, and the final report issued." (Doc.

4    213 at 4). In his Response, Defendant disputes that testimony related to the criminal

5    investigation is relevant and that—even if it has relevance—Plaintiff fails to "advise why

6    multiple witnesses" on the topic are necessary. (Doc. 209 at 4–5, 8).

7        The Court is unpersuaded by Defendant's redundancy argument, as it has already

8    determined that subpoenas will not be issued as to Rodarte and Madsen (the two other

9    proposed witnesses who would apparently testify as to the criminal investigation). As to

10   Defendant's relevancy argument with respect to Root's testimony, the Court states above

11   that such evidentiary objections are not at issue on this Motion. Instead, the only question

12   is whether Plaintiff has stated with particularity his reasons for seeking Root's testimony.

13   His description lists specific areas of testimony—Root's role in conducting the criminal

14   investigation and interviews and his role in issuing the final report—that have some relation

15   to the facts at issue. The Court finds that Plaintiff has stated with particularity why he needs

16   Root's testimony. The Court will issue a subpoena as to Daniel Root.

17   **(v)    Joseph Sutton**

18       Plaintiff asserts that Sutton's testimony is needed because he will testify to "his role

19   as Chief of Security at Cook Unit." (Doc. 213 at 5). In his Response, Defendant does not

20   make any argument that this description fails to sufficiently state with particularity the

21   reason for Sutton's testimony.

22       The Court finds that Plaintiff's description of Sutton's testimony fails to meet the

23   particularity requirement of General Order 18-19. Plaintiff's assertion that he needs to

24   inquire into Sutton's "role as Chief of Security" fails to state with any particularity why his

25   testimony is needed. Plaintiff fails to make clear what Sutton's testimony would offer. The

26   Court will *not* issue a subpoena as to Joseph Sutton.

27   ///

28   ///

**(vi)   Donald Darras and Douglas Wood**

Plaintiff asserts that Darras' testimony is needed because he will testify to "why he instructed Kriebel to place [Plaintiff] in handcuffs and bring him to the back of Cook Unit prison." (Doc. 213 at 5). Plaintiff asserts that Wood's testimony is needed because he will testify to "the admission of use of force by Masterson against [Plaintiff] on June 12, 2016 during the conduction of his administrative investigation." (*Id.*). In his Response, Defendant argues that Darras' and Wood's testimony relates to Defendant's alleged "use of force," a topic which is "no longer at issue in the case" because the Court previously dismissed Plaintiff's Eighth Amendment excessive force claim. (Doc. 209 at 5, 8).

While it is true that Plaintiff's excessive force claim has been dismissed, that does not necessarily mean that Darras' or Wood's testimony is entirely unneeded. Rather, Plaintiff specifically asserts that it was Darras who instructed Kriebel to bring Plaintiff "to the back of Cook Unit prison," which is where the alleged sexual assault occurred. Likewise, Plaintiff explains that Wood may be able to testify as to how Defendant Masterson interacted with Plaintiff on June 12, 2016. Thus, Darras' and Wood's testimony relates to their direct involvement in the June 12, 2016 incident that is centrally at issue in this case. With respect to Darras specifically, Defendant has previously stated that he "had no objection to the Court issuing [a subpoena]" for Darras because—like Lopez, Masterson, Steber, and Kriebel—Darras was "on site at the time of the subject incident and either aware of or involved in the subject search." (Doc. 162 at 2). Although Defendant now appears to have changed his mind, this is at least some evidence that supports Plaintiff's asserted need for Darras' testimony. The Court finds that Plaintiff has stated with particularity why he needs Darras' and Wood's testimony. The Court will issue subpoenas as to Donald Darras and Douglas Wood.

**(vii)   Holly Lee**

Plaintiff asserts that Lee's testimony is needed because she will testify to "her role as Shift Commander of Cook Unit." (Doc. 213 at 5). In his Response, Defendant does not make any direct argument that this description fails to sufficiently state with particularity

the reason for Lee's testimony.

The Court finds that Plaintiff's description of Lee's testimony fails to meet the particularity requirement of General Order 18-19. As the Court held above with respect to Sutton and his role as Chief of Security, there is no clear need for an inquiry into Lee's role as Shift Commander. Plaintiff fails to make clear what Lee's testimony would offer as it relates to the facts at issue here. The Court will *not* issue a subpoena as to Holly Lee.

• • • •

In sum, the Court finds that Plaintiff has sufficiently met the procedural requirements of General Order 18-19 with respect to the following **nine** individuals: Francisco Lopez, Todd Masterson, Shawn Steber, Raymond Mangan, Cathryn Squires, Christopher Kriebel, Daniel Root, Donald Darras, and Douglas Wood. Therefore, the Court will grant Plaintiff's Motion to Subpoena and direct service of the subpoenas as to those individuals only. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Subpoena (Doc. 213) is **granted in part** to the extent Plaintiff seeks the issuance of subpoenas for Francisco Lopez, Todd Masterson, Shawn Steber, Raymond Mangan, Cathryn Squires, Christopher Kriebel, Daniel Root, Donald Darras, and Douglas Wood.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Subpoena (Doc. 213) is **denied in part** to the extent Plaintiff seeks the issuance of subpoenas for Leslie Doi, Ruth Tenrriero, Brandon Rodarte, Danial Lundberg, David Madsen, Joseph Sutton, Carol Daniels, Holly Lee, and C.O. II Chamberlain.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue the subpoenas appearing at **Doc. 213-1** at **10–12**; **14–16**; **18–20**; **22–24**; **26–28**; **38–40**; **42–44**; **58–60**; **62–64**. The U.S. Marshal is directed to serve those subpoenas.

Dated this 8th day of July, 2022.

Honorable Steven P. Logan
United States District Judge

9