**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Almond Dennison,<br><br>               Plaintiff,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>               Defendants. | No. CV-18-04539-PHX-SPL<br><br>**ORDER** |

Before the Court are several motions from both parties. First, Defendant Masterson ("Defendant") has filed two Motions to Quash (Docs. 239 & 241), in which he requests that this Court (i) quash Plaintiff's trial subpoena on witness Raymond Mangan and (ii) quash Plaintiff's subpoena duces tecum attached to certain trial subpoenas requesting that witnesses appear with materials. On July 28, 2022, the Court issued an Order expediting the parties' briefing on the Motions to Quash and ordering Plaintiff Andre Almond Dennison ("Plaintiff") to file any Responses to the Motions by no later than August 3, 2022. (Doc. 243). Defendant failed to file any Responses, and the Court will therefore treat Defendant's Motions to Quash as unopposed. *See* LRCiv. 7.2(i).

Rule 45 of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court for the district where compliance is required *must* quash . . . a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). Rule 45(c)'s geographic limits provide that:

      A subpoena may command a person to attend a trial . . . only

as follows:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). According to Defendant, Mr. Mangan left his job with the Arizona Department of Corrections ("ADC") in 2019 and took a job with U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 239 at 1). Recently, Mr. Mangan apparently left his job at ICE and moved with his family to the state of New York. (*Id.*). Defendant asserts that New York is now Mr. Mangan's permanent residence. (*Id.*). Therefore, given that the trial in this matter is well over 100 miles from Mr. Mangan's residence in New York, and given that Mr. Mangan is no longer a resident of, employed in, or regularly transacts business in person in Arizona, he is outside the geographical limitations set forth in Rule 45(c). Pursuant to Rule 45(d)(3)(A)(ii), this Court must quash Plaintiff's subpoena for Mr. Mangan. Defendant's first Motion to Quash (Doc. 239) is granted.

Defendant's second Motion to Quash (Doc. 241) focuses on two of Plaintiff's subpoenas in particular—the subpoenas for witnesses Christopher Kriebel and Daniel Root. Both subpoenas included a command for the witness to bring certain materials with them when they appear to testify:

> (i) Witness Kriebel was commanded to bring "[a]ll photographs [he] took of [Plaintiff] on June 12, 2016"; and
>
> (ii) Witness Root was commanded to bring "[a]ll records regarding the investigation DR. No. 2016-030260, including the final report[1], photos, and all recorded interviews of [Plaintiff], Shawn Steber, Todd Masterson, Francesco Lopez, and Christopher Kriebel."

(Docs. 238 at 2 & 228 at 2). Mr. Root was served with the subpoena on July 18, 2022 (Doc. 228) and Mr. Kriebel was served with the subpoena on July 20, 2022 (Doc. 238).

---

[1] Defendant refers to "the final report" as "the CIU Report." (Doc. 241 at 2).

Defendant provides several reasons why this Court should quash the above subpoena commands. First, Defendant asserts that Plaintiff is using the subpoenas as a substitute for discovery. (Doc. 241 at 3–4). Second, Defendant argues that Plaintiff would be prohibited under Rule 37 from referencing the materials at trial anyway—even if brought by Mr. Kriebel and Mr. Root—because Plaintiff failed to list the materials in the Joint Pretrial Order. (*Id.* at 4–6). Third, Defendant asserts that Mr. Kriebel and Mr. Root do not have control over the requested materials, either because they do not exist or because they are under the control of ADC. (*Id.* at 6–8). Finally, Defendant argues that requiring Mr. Kriebel and Mr. Root to "track down materials that are not under their control, are more than six years old, and some of which do not even exist" is unduly burdensome to the witnesses and that the subpoenas should be quashed or modified accordingly. (*Id.* at 8–9).

"[T]he majority of jurisdictions hold that . . . requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period." *nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807, at *3 (N.D. Cal. April 13, 2006); *see also F.T.C. v. Netscape Commc'ns Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000) (listing cases) ("[M]any other courts have made the . . . distinction . . . that parties cannot circumvent discovery deadlines by attempting to obtain with a trial subpoena documents and testimony that they should have secured with a discovery subpoena."). Whereas pre-trial *discovery* subpoenas include, among other things, "requests for the production and inspection and books, documents, and tangible items," *trial* subpoenas typically include requests for attendance at trial and to secure documents "in narrow circumstances" for the purpose of memory refreshment, trial preparation, or to ensure the availability of original documents previously disclosed by discovery. *nSight*, 2006 WL 988807, at *3 (citations omitted); *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561–62 (S.D. Cal. 1999) (distinguishing between discovery and trial subpoenas under Rule 45 and finding that defendant made improper attempt to obtain discovery after discovery cut-off date through use of trial subpoena).

Here, Plaintiff seeks to use the trial subpoenas to obtain photographs, records

regarding the investigation, the final report, additional photos, and certain recorded interviews. (Docs. 238 at 2 & 228 at 2). The Court finds that such documents and tangible things are discovery materials that should have been obtained during the relevant discovery period, which has long passed in this case. Plaintiff failed to respond to Defendant's Motion, and thus the Court is without any argument explaining how these documents and tangible things are *not* discovery materials or why Plaintiff should otherwise be permitted to subpoena them at this point in the case. There is no reason to believe that Plaintiff is seeking the documents and tangible things for the purpose of memory refreshment or permissible trial preparation. Nor is there any reason to believe that Plaintiff already obtained these documents and tangible things during discovery, and that he is now merely seeking to secure original copies of them. Indeed, Defendant asserts that Plaintiff has *never* requested some of these documents or tangible things until now, and that for those that he *has* made requests, such requests were untimely and outside the discovery period. (Doc. 241 at 4). "The only reasonable conclusion from the record presented is that plaintiff is attempting to use trial subpoenas improperly as a discovery device on the eve of trial." *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 12316020, at *2 (N.D. Cal. Aug. 29, 2013). Therefore, Defendant's second Motion to Quash (Doc. 241) is granted.

Next, Defendant has filed a Motion to Permit Telephonic Testimony (Doc. 247) in which Defendant requests that the Court allow witness Cathryn Squires to testify telephonically at trial. Defendant states that Ms. Squires "is currently undergoing treatment for a serious health condition that puts her at heightened risk of COVID-19." (*Id.* at 1). Additionally, Defendant states that "because [Ms. Squires] lives outside of Maricopa County, both driving to the courthouse and physically appearing at trial will prove a serious physical hardship in light of her medical condition." (*Id.*). Defendant adds that "[f]or privacy reasons, Ms. Squires' health condition is not stated" in the Motion and that—if the Court desires additional information—"Defendant requests leave to file that information under seal." (*Id.* at 1, n.1).

The Court typically does not grant requests to appear telephonically, particularly as it relates to witness testimony at trial. However, given Ms. Squires' apparently serious health condition, the Court will grant Defendant's request for leave to file additional information as it relates to her health condition under seal. The Court will reserve judgment on Defendant's Motion (Doc. 247) until after it has had a chance to review the additional information provided by Defendant.

Finally, Plaintiff filed a Motion for Leave to Obtain Testimony in Open Court by Contemporaneous Transmission from a Different Location (Doc. 248) and Motion for Defendant to Provide Contact Information (Doc. 249). In the Motion for Leave, Plaintiff requests that the Court grant leave to permit trial witness Raymond Mangan to testify remotely at trial. (Doc. 248 at 1). In the Motion for Defendant to Provide Contact Information, Plaintiff requests that the Court order Defendant "to submit to the Court under seal, the current contact information of . . . Raymond Mangan" so that Mr. Mangan may be served with a trial subpoena. (Doc. 249 at 1). Given that this Court has granted Defendant's Motion to Quash as it relates to Plaintiff's subpoena for Raymond Mangan, the Court denies both of Plaintiff's Motions (Docs. 248 & 249).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Quash Plaintiff's Trial Subpoena of Witness Raymond Mangan (Doc. 239) is **granted**. Plaintiff's trial subpoena for Mr. Mangan is quashed, and Mr. Mangan will not be required to testify at trial.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash Plaintiff's Subpoena Duces Tecum for Documents Attached to Trial Subpoenas (Doc. 241) is **granted**. Plaintiff's subpoenas for Christopher Kriebel and Daniel Root are quashed to the extent they require Mr. Kriebel and Mr. Root to bring documents with them to trial.

**IT IS FUTHER ORDERED** that Defendant has until **no later than August 8, 2022 at 12:00pm** to file with this Court additional information as it pertains to Ms. Squires' health condition. The Court will review such information and issue a ruling on Defendant's Motion to Permit Telephonic Testimony (Doc. 247).

5

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Obtain Testimony in Open Court by Contemporaneous Transmission from a Different Location for Raymond Mangan (Doc. 248) and Motion for Defendant to Provide Contact Information (Doc. 249) are **denied as moot**.

Dated this 5th day of August, 2022.

Honorable Steven P. Logan
United States District Judge